UNITED STATES DISTRICT COURT

SOUTHER DISTRICT OF NEW YORK

_____X

| | |
|---|---|
| GISELLE PETERS, | CIVIL ACTION |
| Plaintiff | NO. |

VS.

METRO-NORTH RAILROAD COMPANY,

Defendant
_____X

## COMPLAINT

### NATURE OF ACTION

1. The Plaintiff brings this action against the Defendant for injuries suffered by her while in the employ of the Defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The Plaintiff is domiciled in West Hempstead, New York.

4. The Defendant, Metro-North Railroad Company, (hereinafter referred to as Defendant Railroad), is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the Defendant Railroad was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the Plaintiff received the injuries complained of, she was employed by the Defendant Railroad as a Human Resources Business Partner in its offices located at 420 Lexington Avenue, New York, New York.

7. At the time the Plaintiff received the injuries complained of, the Defendant Railroad was engaged in interstate commerce and the Plaintiff was employed in furtherance of said commerce.

8. On or about January 26, 2016 at approximately 6:30 p.m., while the Plaintiff was on duty working as a Human Resources Business Partner, she slipped and fell on the wet floor in the Women's Restroom. As a result, the Plaintiff sustained injuries to both of her knees and both of her wrists.

## AS AND FOR A FIRST CAUSE OF ACTION

9. The Plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 8 of this Complaint with the same forth and effect as if fully set forth herein.

10. The Defendant Railroad, its agents, servants, and employees failed in its nondelegable duty to provide the Plaintiff with a reasonably safe place to work and were negligent in one or more of the following ways:

a) it carelessly maintained the work area of the office building by permitting the Women's Restroom floor to be left in a wet and slippery condition after it was cleaned;

b) it failed to provide any warning to the Plaintiff that the Women's Restroom had just been cleaned and the floor was in a wet and slippery condition.

11. As a result of the negligence in whole or in part of the Defendant Railroad, its agents, servants, or employees, the Plaintiff was injured and sustained torn ligaments with strained tendons in both wrists and contusions and severe aggravation to both knees.

12. As a result of the failure of the Defendant Railroad, its agents, servants, or employees to use reasonable care to provide the Plaintiff with a safe place in which to work and negligence, the Plaintiff was injured.

13. As a result of the said injuries, the Plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future. The Plaintiff has permanent loss of function and has an impairment to her earning capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured Plaintiff and thereby promote safe working conditions on the Defendant Railroad, the Plaintiff demands a judgment for monetary damages against the Defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By her attorneys,

By _____
George J. Cahill, Jr. (GC-8525)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: 203 865-5904
cahill@trainlaw.com