UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GISELLE PETERS,

<table>
<tr><td></td><td>Plaintiff,</td></tr>
</table>

-against-

METRO-NORTH RAILROAD COMPANY,

Defendant.

———————————————————————

METRO-NORTH RAILROAD COMPANY,

Third-Party Plaintiff,

-against-

SLG GRAYBAR MESNE LEASE LLC, SL
GREEN OPERATING PARTNERSHIP, L.P.,
and SL GREEN REALTY CORP. d/b/a SLG
ENTITIES,

Third-Party Defendants.

**THIRD-PARTY COMPLAINT
IN A CIVIL ACTION**

18 Civ. 3053 (KBF)

———————————————————————

The defendant/third-party plaintiff, METRO-NORTH RAILROAD COMPANY ("Metro-North"), by its attorney, Richard L. Gans, General Counsel for Metro-North, as and for its Third-Party Complaint, respectfully alleges upon information and belief, without admitting the allegations in Plaintiff's Complaint, the following:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST

**FIRST:**  At all times hereinafter mentioned, the defendant/third-party plaintiff, Metro-North, is a public benefit corporation, doing business in the City and State of New York.

**SECOND:**  Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP, L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES are domestic corporations duly organized and existing under and by virtue of the laws of the State of New York.

**THIRD:**  Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP, L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES transacted business within the State of New York.

**FOURTH:**  Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP, L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES, are domestic limited liability companies; (ii) Partnership is a foreign limited liability partnership authorized to do business in New York; and (iii) SLG is incorporated in Delaware and authorized to do business in New York.

**FIFTH:**  Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP, L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES, are foreign limited partnerships duly organized and existing under and by virtue of the laws of the States of Delaware and New York.

**SIXTH:**  Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP, L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES, are foreign corporations duly organized and existing under and by virtue of the laws of the States of Deleware and New York.

**SEVENTH:**  Upon information and belief, at all times hereinafter mentioned, the third-party defendants, SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP, L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES transacted business within the State of New York.

**EIGHTH:**  That prior to this third-party action, the plaintiff, Gisselled Peters, commenced an action against defendant/third-party plaintiff Metro-North herein and without admitting the

allegations contained therein, a true copy of the plaintiff's summons and complaint is attached hereto as Exhibit "A" to this third-party complaint and made a part thereof.

**NINTH:** That attached to this third-party complaint as Exhibit "B" is the answer of the defendant/third-party plaintiff Metro-North.

**TENTH:** That the plaintiff by and for her complaint alleges that on or about the 26th day of January, 2016, at approximately 6:30 p.m. she was caused to allegedly sustain personal injuries when "she slipped and fell on the wet floor in the Women's Restroom located on the 12th floor 420 Lexington Avenue in the City of New York, State of New York, ("the premises"), by reason of alleged negligence of the defendant/third-party plaintiff Metro-North in, *inter alia*, failing to maintain the Women's Restroom and warn the plaintiff that the Women's Restroom had just been cleaned and the floor was in a wet and slippery condition.

**ELEVENTH:** Upon information and belief, on and prior to the date of the alleged incident, the third-party defendants were the owners of the premises wherein plaintiff alleges to have been injured.

**TWELFTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants and/or employees, owned the aforesaid premises.

**THIRTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants and/or employees, leased the aforesaid premises.

**FOURTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants and/or employees, occupied the aforesaid premises.

**FIFTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, operated the

aforesaid premises, including but not limited to the 12th floor Women's Restroom.

**SIXTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, managed the aforesaid premises including but not limited to the 12th floor Women's Restroom

**SEVENTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, controlled the aforesaid premises including but not limited to the 12th floor Women's Restroom.

**EIGHTEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, reserved to themselves the right to enter, clean, inspect, repair and/or maintain the aforesaid premises including but not limited to the 12th floor Women's Restroom.

**NINETEENTH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, supervised and/or had the right to supervise the aforesaid premises.

**TWENTIETH:** At all times herein mentioned, the third-party defendants, by themselves, their agents, tenants, licensees, servants, employees, agencies and/or departments, inspected and/or had the right to inspect the aforesaid premises.

**TWENTY-FIRST:** On January 26, 2016, Mesne Lease was the assignee of a sublease for the building at 420 Lexington Avenue, New York, New York (the "Premises") and lessor of a portion of the Premises to Metro-North under a July 31, 1994 Lease Agreement, as modified by a January 22, 1996 Lease Modification Agreement, further modified by a June 30, 1998 Second Lease Modification Agreement, further modified by a January 30, 2008 third Lease Modification Agreement, and further modified by an August 29, 2013 Fourth Lease Modification, Extension and Expansion Agreement (the "Lease")

**TWENTY-SECOND:**  That for some period of time prior to January 26, 2016 at approximately 6:30 pm third-party defendants created, caused, allowed, suffered and/or permitted there to exist and be present the condition alleged by plaintiff in her complaint without any knowledge on the part of third-party plaintiff.

**TWENTY-THIRD:**  That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness, or negligence and/or breach of lease or warranty other than the plaintiff's own carelessness, recklessness, or negligence, said damages were sustained by reason of the carelessness,  recklessness, or negligence and/or acts of omission or commission and/or breach of lease and/or breach of warranty and/or breach of warranty of habitability by the third-party defendants, their agents, servants, and/or employees; and if any judgment is recovered herein by the plaintiff against the defendant/third-party plaintiff, then the third-party plaintiff will be damaged thereby and the third-party defendants are or will be responsible therefore in whole or in part.

**TWENTY-FOURTH:**  Upon information and belief, that at all times hereinafter mentioned, the third-party defendants, by themselves, their respective agents, tenants, licensees, servants, and/or employees, had an obligation imposed by the Administrative Code of The City of New York, the New York City Fire Code and the New York City Building Code to inspect, maintain and repair the aforementioned premises and to keep it safe, free of hazards and in a state of good repair so that same would not constitute a danger and a hazard to persons on or about the premises and specifically to this third-party plaintiff and to plaintiff.

**TWENTY-FIFTH:**  That by reason of the foregoing, the third-party defendants will be liable to the third-party plaintiff in the full amount of a recovery herein by the plaintiff, or for that portion thereof caused by the relative responsibility of the third-party defendants, and the

third-party defendants are bound to pay any and all attorneys' fees and costs of investigations and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANTS SLG GRAYBAR MESNE LEASE LLC and SLG ENTITIES,

**TWENTY-SIXTH:** Defendant/Third-Party Plaintiff repeats and reiterates the allegations contained in paragraphs FIRST through TWENTY-FIFTH as though more fully set forth herein.

**TWENTY-SEVENTH:** Defendant/Third-Party Plaintiff, to date, has paid all attorneys fees, costs, disbursements and other expenses incurred by it from the time of filing of the underlying PETERS personal injury action.

**TWENTY-EIGHTH:** All expenses, etc., paid by Defendant/Third-Party Plaintiff for its defense in the underlying PETERS action have been necessarily expended in good faith, in the absence of Third-Party Defendants' compliance with their obligations under their lease with Defendant/Third-Party Plaintiff and/or through the insurance policies they acquired to defend and indemnify Metro-North in the underlying action.

**TWENTY-NINTH:** Payment of these expenses by Metro-North has directly benefited Third-Party Defendants because said Third-Party Defendants have wrongfully failed and refused to provide defense and/or indemnity to Defendant/Third-Party Plaintiff herein, which was tendered to the Third-Party Defendants on or about July 11, 2018.

**THIRTIETH:** Third-Party Defendants have wrongfully denied and unjustly retained the benefit of the defense of Defendant/Third-Party Plaintiff Metro-North.

**THIRTY-FIRST:** Defendant/Third-Party Plaintiff Metro-North is entitled to a reasonable and legitimate expectation that the said Third-Party Defendants reimburse Metro-North for all attorneys' fees, costs, disbursements and other expenses expended in its defense in the underlying action, which is the obligation of the said Third-Party Defendants, and not the Defendant/Third-Party Plaintiff, to satisfy.

**THIRTY-SECOND**:   Defendant/Third-Party Plaintiff duly demands that Third-Party Defendants assume the defense and indemnity of Metro-North and reimburse it for all attorneys' fees, costs, disbursements and other expenses.

**THIRTY-THIRD**:   Defendant/Third-Party Plaintiff Metro-North has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of the Third-Party Defendants to reimburse Metro-North for all attorneys' fees, costs, disbursements and other expenses incurred by Metro-North in its defense in the underlying action.

**THIRTY-FOURTH**:   Third-Party Defendants are liable to reimburse Metro-North for all attorneys' fees, costs, disbursements and other expenses, plus interest, incurred by Metro-North in its defense in the underlying action brought by PETERS and judgment should be entered accordingly.

**WHEREFORE,**   Defendant/Third-Party   Plaintiff   METRO-NORTH   RAILROAD COMPANY pray that these questions and issues be tried promptly and submit that the third-party action herein is proper and meritorious since suit has been instituted by GISSELLE PETERS and since Third-Party Defendants SLG GRAYBAR MESNE LEASE LLC and SLG ENTITIES., herein have failed to provide indemnification and/or insurance coverage pursuant to their obligations set forth above which have all been to the detriment of the Defendant/Third-Party Plaintiff, and pray that the following declarations be made:

A.      That Third-Party Defendants SLG GRAYBAR MESNE LEASE LLC and SLG ENTITIES, are obligated to reimburse Defendant/Third-Party Plaintiff, METRO-NORTH COMMUTER RAILROAD for all attorneys' fees, costs, disbursements and other expenses incurred in its defense in the underlying action commenced by GISSELLE PETERS and,

B.    A.    That Third-Party Defendants SLG GRAYBAR MESNE LEASE LLC and SLG ENTITIES, are obligated to defend and indemnify Defendant/Third-Party Plaintiff, METRO-NORTH COMMUTER RAILROAD for all attorneys' fees, costs, disbursements and other expenses incurred in its defense and/or settlement in the underlying action commenced by GISSELLE PETERS and,

C.    That the Defendant/Third-Party Plaintiff be granted such other, further, and different relief in the declaration of rights and legal limitations of the parties to this action as this court may deem just, proper and equitable.

Dated: New York, New York
August 3, 2018

RICHARD L. GANS
GENERAL COUNSEL
METRO-NORTH RAILROAD COMPANY

By: Jesse A. Kaye
Attorneys for Defendant/Third-Party Plaintiff
420 Lexington Avenue, 11th Floor
New York, New York 10170
212- 340-2538

TO:

George Cahill, Jr., Esq.
Cahill & Perry, P.C.
Attorney's for Plaintiff
43 Trumbull Street
New Haven, CT 06510
(203)777-1000

SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP,
L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES
c/o National Registered Agents, Inc.
111 Eighth Avenue
New York, New York 10011

SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP,
L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES,
420 Lexington Avenue
New York, New York 10170

SLG GRAYBAR MESNE LEASE LLC, SL GREEN OPERATING PARTNERSHIP,
L.P., and SL GREEN REALTY CORP. d/b/a SLG ENTITIES
WESCHLER & COHEN, LLP
17 State Street, 7th Floor
New York, New York 10004
Tel; (212) 847-7900

EXHIBIT A

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| **GISELLE PETERS,** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. **1:18-cv-03053 (KBF)** |
| **METRO-NORTH RAILROAD COMPANY,** | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: **Metro-North Railroad Company**
   **c/o Linda Montanino, Agent-for-Service**, 420 Lexington Avenue, 11th Floor, New York, NY
   *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)* 10170

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within **60** days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: **April 17, 2018**

_____
*Signature of the attorney or unrepresented party*

**George J. Cahill, Jr., Esq.**
*Printed name*
**Cahill & Perry, P.C.**

**43 Trumbull Street, New Haven, CT 06510**
*Address*

**cahill@trainlaw.com**
*E-mail address*

**(203) 777-1000**
*Telephone number*



RECEIVED
APR 25 2018
Metro-North Railroad
LEGAL DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

——————————————————————X

GISELLE PETERS,                                    CIVIL ACTION

     Plaintiff                                   NO. 1:18-cv-03053–KBF

VS.

METRO-NORTH RAILROAD COMPANY,

     Defendant
——————————————————————X

## COMPLAINT

### NATURE OF ACTION

1.  The Plaintiff brings this action against the Defendant for injuries suffered by her while in the employ of the Defendant Railroad.

### JURISDICTION

2.  This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*  Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3.  The Plaintiff is domiciled in West Hempstead, New York.

4.   The Defendant, Metro-North Railroad Company, (hereinafter referred to as Defendant Railroad), is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5.   During all times herein mentioned, the Defendant Railroad was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6.   At the time the Plaintiff received the injuries complained of, she was employed by the Defendant Railroad as a Human Resources Business Partner in its offices located at 420 Lexington Avenue, New York, New York.

7.   At the time the Plaintiff received the injuries complained of, the Defendant Railroad was engaged in interstate commerce and the Plaintiff was employed in furtherance of said commerce.

8.   On or about January 26, 2016 at approximately 6:30 p.m., while the Plaintiff was on duty working as a Human Resources Business Partner, she slipped and fell on the wet floor in the Women's Restroom.  As a result, the Plaintiff sustained injuries to both of her knees and both of her wrists.

### AS AND FOR A FIRST CAUSE OF ACTION

9.  The Plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 8 of this Complaint with the same forth and effect as if fully set forth herein.

10.  The Defendant Railroad, its agents, servants, and employees failed in its nondelegable duty to provide the Plaintiff with a reasonably safe place to work and were negligent in one or more of the following ways:

a)  it carelessly maintained the work area of the office building by permitting the Women's Restroom floor to be left in a wet and slippery condition after it was cleaned;

b)  it failed to provide any warning to the Plaintiff that the Women's Restroom had just been cleaned and the floor was in a wet and slippery condition.

11.  As a result of the negligence in whole or in part of the Defendant Railroad, its agents, servants, or employees, the Plaintiff was injured and sustained torn ligaments with strained tendons in both wrists and contusions and severe aggravation to both knees.

12.  As a result of the failure of the Defendant Railroad, its agents, servants, or employees to use reasonable care to provide the Plaintiff with a safe place in which to work and negligence, the Plaintiff was injured.

13.  As a result of the said injuries, the Plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future. The Plaintiff has permanent loss of function and has an impairment to her earning capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured Plaintiff and thereby promote safe working conditions on the Defendant Railroad, the Plaintiff demands a judgment for monetary damages against the Defendant Railroad in addition to any further relief the Court deems just and equitable.

<u>PLAINTIFF DEMANDS TRIAL BY JURY.</u>

By her attorneys,

By _____

George J. Cahill, Jr. (GC-8525)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax:  203 865-5904
cahill@trainlaw.com

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GISELLE PETERS,

                         Plaintiff,                    18-cv-03053 (KBF)

    -against-

                                            ANSWER

METRO-NORTH RAILROAD COMPANY,

                                        DEFENDANT DEMANDS A
                  Defendant.            BIFURCATED TRIAL
----------------------------------------------------------X

     Defendant, Metro-North Commuter Railroad ("Metro-North"), by its attorney,

Richard L. Gans, Esq., General Counsel, as and for its Answer to the Complaint of the

Plaintiff,  responds as follows:

## COMPLAINT

### NATURE OF ACTION

1.    Defendant neither admits or denies the allegations contained in paragraph

      1 of the complaint referring all questions of law and fact to judge and

      jury

### JURDISDICTION.

2.    Admits the allegations contained in paragraph 2 of the complaint.

### PARTIES

3.    Denies knowledge or information sufficient to form a belief as to the

      allegations contained in paragraph 3 of the complaint.

4.    Admits the allegations contained in paragraph 4 of the complaint.

### FACTS

5.    Admits the allegations contained in paragraph 5 of the complaint.

6.  Denies allegations contained in paragraph 6 of the complaint; except defendant admits that Defendant employed the Plaintiff.

7.  Denies the allegations contained in paragraph 7 of the complaint: except Defendant admits that Defendant is a railroad engaged in interstate commerce and that when the Plaintiff acts within the scope of her employment, she was acting and employed in furtherance of interstate commerce.

8.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the complaint.

### FIRST CAUSE OF ACTION

9.  In response to paragraph 9 of the complaint Defendant repeats and reasserts each and every response to paragraphs 1 through 8 of the complaint as though more fully set forth herein

10.  Denies the allegations contained in paragraphs 10, 10 a). 10 b), 11, 12 and 13 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11.  As and for an affirmative defense, or as a defense in mitigation of damages, the Defendant claims that any injuries allegedly sustained by the Plaintiff were caused, in whole or in part, by reason of the culpable conduct of the Plaintiff.

**WHEREFORE,** the Defendant, demands judgment dismissing the complaint, together with costs and disbursements, and expenses of this action, including attorneys' fees.

Dated: New York, New York
       May 18, 2018

                                        Richard Gans, General Counsel
                                        Metro-North Commuter Railroad


                                        By:
                                        _____
                                        Jesse A. Raye, Esq.
                                        Attorneys for Defendant
                                        Metro-North Commuter Railroad
                                        420 Lexington Avenue
                                        New York, New York 10170
                                        (212) 340-2538 – raye@mnr.org


TO:

       George J. Cahill, Jr.
       CAHILL & PERRY, P.C.
       43 Trumbull Street
       New Haven, CT 06510
       Phone: (203) 777-1000
       Fax: (203) 865-5904
       Email: cahill@trainlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GISELLE PETERS,

                          Plaintiff,                       18-cv-03053 (KBF)

   -against-

                                                RULE 7.1 STATEMENT

METRO-NORTH RAILROAD COMPANY,

                         Defendant.
------------------------------------------------------------X

        METRO-NORTH COMMUTER RAILROAD ("Metro-North") is a public

benefit corporation.  *See* N.Y. Pub. Auth. L. §§1263 (1) 1264(2), et seq. (McKinney

1999). Accordingly, Rule 7.1 does not apply to Metro-North.

Dated: New York, New York
       May 18, 2018

                                    Richard Gans, General Counsel
                                    Metro-North Commuter Railroad

                    By:_____
                                    Jesse A. Raye, Esq.
                                    Attorneys for Defendant
                                    Metro-North Commuter Railroad
                                    420 Lexington Avenue
                                    New York, New York 10170
                                    (212) 340-2538 – raye@mnr.org

TO:

     George J. Cahill, Jr.
     CAHILL & PERRY, P.C.
     43 Trumbull Street
     New Haven, CT 06510
     Phone: (203) 777-1000
     Fax: (203) 865-5904
     Email: cahill@trainlaw.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
)ss:.
COUNTY OF NEW YORK )

Alison M. Pactong, being sworn says:

I am not a party to the action, am over 18 years of age and reside in Dutchess, New York.

On May _18th_, 2018 I served a true copy of the annexed ANSWER and RULE 7.1 STATEMENT, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:          George J. Cahill, Jr.
             CAHILL & PERRY, P.C.
             43 Trumbull Street
             New Haven, CT 06510
             Phone: (203) 777-1000
             Fax: (203) 865-5904
             cahill@trainlaw.com

Alison M. Pactong

Sworn to before me this
____ day of May, 2018

NOTARY PUBLIC

MICHELLE LARRAGOITY
Notary Public, State of New York
No. 01LA6035954
Qualified in Westchester County
Commission Expires Jan 10, 20___

Giselle Poters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GISELLE PETERS,

                          Plaintiff,                   18-cv-03053 (KBF)

   -against-

                                             ANSWER

METRO-NORTH RAILROAD COMPANY,

                                           DEFENDANT DEMANDS A
                     Defendant.           BIFURCATED TRIAL
--------------------------------------------------------X

 

**ANSWER and RULE 7.1 STATEMENT**

**Jesse A. Raye**
**(212) 340-2538**

**METRO-NORTH COMMUTER RAILROAD**
**RICHARD L. GANS, GENERAL COUNSEL**
Attorneys for Defendant Metro-North
420 Lexington Avenue, 11th Fl.
New York, New York  10170